UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 3-05-70985 MAG (EDL) |
| ) | |
| Plaintiff, ) | FINDINGS OF FACT AND |
| ) | ORDER OF DETENTION |
| v. ) | (18 U.S.C. § 3142) |
| ) | |
| PERLA ICELA CUEVAS-LUGO, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter first came on for hearing before this Court on December 16, 2005 on the government's motion for detention, pursuant to 18 U.S.C. § 3142. The defendant, Perla Icela Cuevas-Lugo, was represented by Assistant Federal Public Defender Elizabeth Falk. Assistant United States Attorney Robin Harris represented the United States.

The Court considered the report of the Pre-Trial Services Officer, the proffer made by the United States in requesting detention, evidence presented under oath by DEA Agent Seth McMullen, as well as by proffer and testimony of three witnesses called by the defendant, and arguments of counsel. After reviewing the entire record in this case, the Court has concluded that based on the facts and information currently available to the

FINDINGS OF FACT &
ORDER OF DETENTION

1

Court, the defendant poses a substantial risk of flight.  Further, the conditions of release proposed by the defendant will not reasonably assure that the defendant will make her appearances in court. 18 U.S.C. § 3142(e).  The Court makes these findings based on the facts and issues discussed below.

The Court has considered the nature of the underlying offense, as described in the Affidavit in Support of Criminal Complaint.  The charged offense is conspiracy to possess a controlled substance (methamphetamine) with intent to distribute in violation of Title 21 U.S.C. § 846.  These charges are subject to a rebuttable presumption that no conditions or combinations of conditions will assure the appearance of the defendant or the safety of the community.

If the allegations are proven and the defendant is convicted of the charges, she faces a ten year mandatory minimum sentence.  For someone with no prior criminal history, this is a significant term of imprisonment.  This would provide the defendant with a motive to flee.  However, the risk could be addressed by a bond secured by property.

More importantly, the Court is concerned that the defendant appears to have gone into hiding to avoid arrest after a search warrant was executed at her place of residence.  Pretrial Services did not have this information when it made its report.  According to the government's proffer and evidence, it appears that the defendant vacated her place of residence immediately after the agents executed a search warrant.  The defendant called her niece to testify, who stated that although before the search the defendant lived almost next door to her and had had frequent personal contact with her, she did not see the defendant for approximately the past six weeks or know where she was, and only heard from her very infrequently during that period.  Further, testimony at the evidentiary hearing by another relative called by the defendant established that until her arrest the defendant stopped going to work for approximately six weeks after the warrant was executed.  Also, the defendant moved in with the relative in another part of town, telling the relative that the move was in order to live there with her boyfriend (her mother

FINDINGS OF FACT &
ORDER OF DETENTION

disapproving of cohabitation at the residence she had shared with her mother), and not telling her about the recent execution of the search warrant at her home. The government also established that several sources advised law enforcement that the defendant was attempting to avoid being apprehended after the search warrant was executed.

The government's proffer and testimony at the evidentiary hearing established that defendant may also have attempted to flee law enforcement when the car in which she was a passenger was stopped by police. The defendant's boyfriend, who was driving the car, fled the scene on foot. As agents chased her boyfriend, the defendant, who was a passenger, moved from the passenger side of the vehicle into the driver's seat. The defendant then drove the car for approximately half a mile from the scene until the car was stopped again by law enforcement and defendant was arrested on the pending charges.

The defendant has proposed that she be released on a $100,000 secured bond. Relatives of the defendant were willing to post property to secure her release, and it may be possible in the future to fashion conditions that would include significant security to address her risk of flight. However, at this time the Court finds by a preponderance of the evidence that the defendant poses a substantial risk of flight and that the terms and conditions of release proposed by the defendant will not assure her future appearances. The Court in Montana may, of course, revisit the issue and determine that conditions can be fashioned to assure her appearance.

For the reasons above, the Court grants the government's motion for detention without bail. 18 U.S.C. § 3142(e).

Accordingly, IT IS HEREBY ORDERED that:

1. The defendant is committed to the custody of the Attorney General for confinement in a corrections facility for the duration of the instant case;

2. The defendant is to be afforded reasonable opportunity for private consultation with counsel; and

FINDINGS OF FACT &
ORDER OF DETENTION

3

3. The defendant is to be delivered to the United States Marshal for transportation to Montana for all subsequent court appearances in the instant case, including a January 23, 2006 appearance before the Duty Magistrate in the District of Montana (Great Falls Division.

IT IS SO ORDERED.

DATED: December 22, 2005

*Elizabeth D. Laporte*
ELIZABETH LAPORTE
United States Magistrate Judge

FINDINGS OF FACT &
ORDER OF DETENTION

4